The Honorable Michael Lamoureux State Representative 105 Sky Ridge Road Russellville, Arkansas 72802
Dear Representative Lamoureux:
I am writing in response to your request for an opinion on two questions relating to Act 1980 or 2005 (the "Act"), which amended certain provisions of the "Local Government Capital Improvement Revenue Bond Act of 1985, codified at A.C.A. §§ 14-164-401 — 419 (Repl. 1998 and Supp. 2007). You note that Act 1980 amended that subchapter to "add
numerous provisions relating to `performance-based efficiency projects' and the financing thereof." You pose two questions concerning the Act as follows:
 1. Do "efficiency savings" constitute "revenues" or "project revenues" (as all such terms are defined in the Act) which may be pledged to secure the repayment of "revenue bonds" issued under the terms of the Act?
 2. If the answer to (1) is "yes," would the issuer's use of such "efficiency savings" to repay amounts owed on revenue bonds issued under the Act violate Amendment 65 to the Arkansas Constitution if such "efficiency savings" are realized in, and payments on the revenue bonds are made from, the general fund of the issuer, even if the general fund is funded in whole or in part by tax revenue? *Page 2 
RESPONSE
I recently addressed similar questions in Op. Att'y Gen. 2008-061, in which I concluded that to the extent the Act can be construed as authorizing the bonds to be repaid with tax dollars, the Act is constitutionally suspect. I stated therein that: ". . .although `savings' may arise from such projects, `revenues' are not derived therefrom," and that "[t]o the extent that the bonds are actually repaid with revenues originating as tax dollars, in my opinion the source of the funds must be recognized as "taxes" for purposes of the [statutory] definition and Amendment 65." Id. at 7. I have enclosed a copy of Op. Att'y Gen. 2008-061 for your review. I believe it adequately addressed the questions you have posed concerning this issue.
 Sincerely,